ROUTT *v.* ALEXANDER.

4-3696

Opinion delivered February 11, 1935.

*W. R. Donham* and *Henry E. Spitzberg,* for appellant.

*Fred A. Isgrig* and *Harry Robinson,* for appellees.

SMITH, J. A truck driven by Elmer Alexander, while employed for that purpose by the Morton Truck Line, collided with an automobile driven by Samuel P. Routt, and as a result of the impact Mr. Routt was killed and his administrator brought this suit to recover the damages growing out of that incident, and from a verdict and judgment in favor of the defendants is this appeal.

The plaintiff's theory of the case is set out in an instruction given at her request, which reads as follows: "No. 1. You are instructed that, if you find from a preponderance of the evidence that the deceased, Samuel P. Routt, was, on the morning of March 6, 1933, driving his automobile along the highway from the city of Little Rock to the city of Conway, Arkansas, and that a few miles out of the city of Conway, as he approached a bridge on the highway, he met a truck of the Morton Truck Line driven by one of the defendants, Elmer Alexander, which truck was being driven toward the city of Little Rock on said highway, and that, in the driving of said truck, the said Elmer Alexander was engaged in the business of the defendant, Morton Truck Line, and if you further find from a preponderance of the evidence that the said Alexander was driving said truck at an excessive and dangerous rate of speed and was occupying the middle of the road, and if you further find from a preponderance of the evidence that the deceased, Sam-

uel P. Routt, stopped his car on the highway at a point about twenty feet before he had reached said bridge and that he did so because there was not sufficient room for him to pass said truck upon said bridge, and the insufficiency was due to the fact that the said Alexander was driving said truck in the center of the highway, if you find that same was a fact, and if you further find from a preponderance of the evidence that in driving said truck at a fast and excessive rate of speed, and in driving same along the center of the highway, the said Alexander failed to exercise such care as a person of ordinary prudence would have exercised under the circumstances, and that because thereof the car being driven by the deceased was struck by said truck and the deceased was thereby killed while he was in the exercise of ordinary care for his own safety, then your verdict will be for the plaintiff, R. A. Carlisle, administrator of estate of Samuel P. Routt, deceased.''

The testimony of Chester Cavin, who was riding in the automobile which Routt was driving, was to the effect that the collision occurred in the manner stated in the instruction, and this testimony is, of course, sufficient to support a recovery by the plaintiff.

But the testimony on behalf of the defendants is to the effect that the collision did not occur in this manner, and that the facts are as follows: Mr. Routt, driving at great speed, passed other cars traveling in the same direction, and was so driving when he approached the bridge over which the truck was passing. Alexander testified that he was driving the truck about 20 or 25 miles per hour, and that he saw the car approaching the bridge ''at an awful speed,'' and he turned the truck so far to the right that its sides scraped the bridge, and that the truck could not have been driven any farther to the right as it left the bridge without turning over. According to both Cavin and Alexander, the truck crossed the bridge before the automobile reached it. Cavin testified that Routt stopped his car before driving on the bridge to permit the truck to pass, and that Routt put on his brakes to stop his car, and Cavin admitted that when the brakes were applied ''the car skidded to the left a

little." Cavin also testified: "It was a misty rain, a heavy mist and cloudy." The road, which was paved, was evidently slick. The collision occurred about 15 or 20 feet from the end of the bridge after the truck had crossed over, and according to Alexander the automobile skidded into the truck. Alexander further testified that when the collision occurred the front end of the truck was knocked loose, both tires were blown out, and that it was impossible for the truck to have moved any considerable distance after the impact, and that it all occurred so quickly that he could have done nothing to avert the collision. Persons passing immediately after the collision and before the truck was moved testified that the right front wheel of the truck was off the pavement and over on the shoulder of the road, which was approximately two feet wide, and that the right outside dual wheel at the rear of the truck was off the pavement and on the shoulder, and that if the truck had been much farther to the right it would have turned over, and that when the truck was finally moved rocks had to be placed under the right rear wheel to keep the truck from turning over.

It is apparent from this statement of the testimony that the case was a swearing match, and under established rules the verdict of the jury in defendants' favor is decisive of the disputed facts. The testimony on the part of the plaintiff made a clear case of liability. Under the testimony of the defendants it is equally clear that the defendants are not liable.

The court gave at defendants' request an instruction numbered 4 reading as follows: "You are instructed that if you find from the evidence in this case that the collision was caused by the negligent and reckless manner of driving and handling of the car by deceased, Routt, or if you find that it was caused by the car of deceased, Routt, skidding into and upon the part of the highway being properly and lawfully used by the defendant, while the defendant was exercising ordinary care for his own safety and the safety of others using the highway, then your verdict will be for the defendant, whether the skidding of the car was caused by the negli-

gence of the driver, Routt, or by unavoidable accident. There can be no recovery in this case against the defendant, unless the defendant has been guilty of negligence which caused or contributed to the injury and damage complained of.''

It is not questioned that, as an abstract proposition of law, the instruction is correct; but it is insisted that it is erroneous, in that it assumes that the deceased Routt handled his car in a reckless or negligent manner, and assumes that the highway was being properly and lawfully used by the driver of the truck, and assumes also that the collision might have been caused by an unavoidable accident, whereas these were all disputed questions of fact.

If the instruction is open to these objections, or any of them, it would be improper and prejudicial and the reversal of the judgment would be required. But we think the objections are not well taken. The instruction does not assume these facts, as the truth thereof was submitted to the jury. The defendants' testimony was sufficient, as has been shown, to establish these facts, and, if found to be true, the defendants were not responsible for the collision nor liable for its consequences.

Somewhat similar objections were made to instructions numbered 5, which was given over appellant's objection, and it is especially urged that it was erroneous, in that it was confined to the one element of alleged negligence—that of driving at an excessive speed. It reads as follows: ''You are instructed that, even though you find from the evidence in this case, that the defendant was driving his car at a rapid rate of speed, you can not find a verdict against him on account of the rate of speed unless you further find that the rate of speed at which he was driving was negligence, and that this negligence caused or contributed to the collision and damage.''

It will be observed that the instruction did not tell the jury to find for the defendant if the facts were found that Alexander was not driving the truck at a negligent speed, and it did not therefore eliminate the other alleged acts of negligence. According to the defendants' theory of the case and the testimony in support thereof,

the only possible negligence with which Alexander might have been charged was that of driving too fast across the bridge in view of the approach of the automobile from the opposite direction, and the effect of the instruction was to tell the jury that liability could not be predicated upon an act which neither caused nor contributed to the injury. In other words, the instruction is an application of the well-known principle that the negligence complained of must be the proximate cause of the injury before it can be said to create and support a cause of action.

An exception was also saved to the giving of instruction numbered 10, the objection being that it leaves out of account the question of discovered peril by laying undue stress upon the defense of contributory negligence. This instruction reads as follows: "You are instructed that if you find all the parties were in any way negligent, that is, did not act or conduct themselves as ordinarily prudent persons would have done under similar circumstances, and the negligence of all contributed to the injuries, you will find for the defendants."

It is true the instruction takes no account of the question of discovered peril; and it is true also that other instructions given at the request of appellant submitted that question to the jury. But we are of the opinion that it would not have been erroneous to refuse any instruction upon that question. Its injection into the case tended only to confuse the real issues. Several instructions, in addition to the one first set out above, told the jury that the plaintiff was entitled to recover if the collision occurred in the manner Cavin had testified. Now, according to his testimony, the automobile skidded to some extent to the left when Routt applied his brakes, yet the collision would not have occurred had the truck been on the right side of the road as it should have been. This and the question of speed were the real and controlling questions in the case, and these questions were fully and fairly submitted to the jury and are concluded by the verdict of the jury.

It appears that the truck belonged to Mrs. J. H. Morton, who operated it under the trade name of the

Morton Truck Line. It appears also that the action was instituted against Mrs. Morton, and upon her death was revived in the name of a special administrator, who defended the suit in the absence of a statutory administrator. The special administrator was one of the attorneys for the defendants.

The court permitted J. G. Walls to testify over appellant's objection as follows: "Now, the truck line belongs to the estate of Mrs. J. H. Morton. Last November—this last fall, she died, and that left the truck line in the hands of four minor children up there and the truck belongs to the estate." Upon objection being made to this answer, the court ruled that "* * * The defendant has a right to show who owns this truck line."

In making the jury the court had permitted counsel for plaintiff to inquire whether any of the jurors were connected with the Lloyd's American Insurance Company over the objection and exception of the defendants. It has been frequently held that the plaintiff has the right to propound such questions for the purpose of ascertaining whether any prospective juror has even this interest in the case, and that it is not to be presumed that the communication of the fact to the jury that the defendants carried liability insurance would influence the verdict of any juror not connected with the insurance company. No more is it to be presumed that the verdict would be improperly influenced by knowing who the real defendants were.

The death of Mrs. Morton was a fact which was disclosed by the pleadings in the case—by the motion to revive and for the appointment of a special administrator, and, while the names and ages of her heirs was an unimportant matter, so far as the merits of the case were concerned, we think the admission of this unimportant testimony was not such an error, if error at all, as calls for the reversal of the judgment.

As no erorr appears, the judgment must be affirmed, and it is so ordered.